HUTCHINS *v.* STATE.

*(Knoxville,* September Term, 1937.)

Opinion filed Nov. 30, 1937.

W. Hugh Norvell, of Chattanooga, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice Chambliss delivered the opinion of the Court.

This appeal is from a conviction, with a fine of $25 and a jail sentence of 30 days, for violation of the first paragraph of section 5248 of the Code (chapter 105, Acts 1875), providing that: "It shall be a misdemeanor for any person having no apparent means of subsistence to neglect to apply himself to some honest calling." Plaintiff in error challenges the sufficiency of the evidence, insisting particularly that it is negative only.

Four police officers of the city of Chattanooga testify, in substance, that they have known Hutchins for some years, and show that they have observed his habits and contacts; that they have never known of his applying himself to any honest calling; that they have never known or heard of his doing any work of any kind. They have seen him driving various cars and associating with and hanging about the headquarters of a well-known bootlegger, and it may be read between the lines that the prosecution is because of a suspicion that when working at all he is applying himself to this "calling," which, being illegal, can hardly be said to be within the statutory requirement of "honest."

On cross-examination, these witnesses admit that they have not inquired and do not know whether or

not the defendant has a bank account, or independent means or source of income; they concede that he may engage in trading unknown to them. It is therefore urged that the testimony is negative only, and insufficient.

In the first place, counsel do not give due consideration to the language of the statute, "having no apparent means of subsistence," etc.; that is, none so far as appears to those who know and observe him. It is obvious that this "person" has been under police surveillance for a long time, and that, therefore, these officers have made it their business to observe him, and are therefore in position to testify as to what is and is not reasonably "apparent" concerning him and his daily doings.

In the second place, if he had means of subsistence from sources not "apparent," or if he did apply himself to some honest calling of such kind and under such circumstances as not to be apparent, then he knew it and knew of witnesses by whom he could prove it. These were matters peculiarly within his knowledge and power to bring forward and establish. He not only did not testify in his own behalf, a right which he had by law and which afforded no presumption against his innocence, but he also refrained from producing proof by others, which was available to him, if in fact he had "means of subsistence," or had applied "himself to some honest calling." If he had an employer he might have produced him, or fellow employees; if he had a bank account he might have produced his banker.

In *Hays* v. *State,* 159 Tenn., 388, 392, 19 S. W. (2d), 313, 315, this court pointed out the distinction between the failure of a defendant to testify in his own behalf,

and his failure, when incriminating circumstances are made to appear, to bring forward evidence available to him in explanation or rebuttal. It was noted that our Act of 1887 (Code sections 9782, 9783) providing that, "The failure of the party defendant . . . to testify in his own behalf, shall not create any presumption against him," was dealing with the right of the defendant personally to testify, and it was held that "the language above quoted must be so limited." Authorities from other jurisdictions having similar statutes were cited in which this distinction was recognized and enforced.

█ In the Hays Case, the right of counsel for the State to comment on the failure of the defendant to introduce apparently available witnesses in his behalf was sustained. If it was competent for counsel in that case to argue the presumption arising from such failure, it was competent for the jury in this case to consider it.

█ Certainly, on a trial for violation of a statute which in terms makes appearances the test, the State has made out its case when these appearances of guilty violation are proven. Under such a statute it is peculiarly the obligation of the defendant to adduce evidence, if any is available to him, showing that what is "apparent," is apparent only.

█ Also, what was said by Mr. Justice McKinney in Hill v. State, 159 Tenn., 297, 303, 17 S. W. (2d), 913, 915, has application here: "In this court the defendant is presumed to be guilty and must establish his innocence by a preponderance of the testimony." He then quotes approvingly from State v. Leonard, 6 Cold. (46 Tenn.), 307, as follows: "It is the duty of the court to enforce criminal law and not to search for unnatural circum-

stances for pretexts or means to screen offenders from the punishment due to their crimes.'' Too frequently offenders screen themselves and their crimes behind the silence which they may lawfully choose, secure from that presumption of guilt which commonly arises from silence when accused. Without disregarding this statutory immunity, it should be strictly limited, in the interest of truth and justice, to the personal testimony of the defendant, and not applied to the testimony of others available to him.

■ Complaint is made that the punishment is excessive. The statute provides for imprisonment from ten days to twelve months, in the discretion of the court. It does not appear that the trial judge abused his discretion in fixing thirty days. This plaintiff in error is apparently a persistent offender against this statute without apparent excuse. It is from just this type of apparently able, but purposely idle, characters that the criminal class is in large part recruited. Salutary preventive effects may be obtained by stern enforcement of the statute.

Judgment affirmed.